**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Diane Burnett                               )   No. CV-03-1891-PHX-LOA
                                            )
                Plaintiff,                  )   **ORDER**
                                            )
vs.                                         )
                                            )
John Bottoms, et al.,                       )
                                            )
                Defendants.                 )
                                            )
_____)

      This matter arises on the Plaintiff's Motion for an Award of Attorney Fees. (docket # 113)  Defendant objects to the Motion.  (docket # 118)  Plaintiff requests oral argument on her motion.  Defendant has not responded to the request for oral argument.  The Court has reviewed the relevant pleadings in this matter and concludes that oral argument is not necessary. <u>Donnegan v. Fair</u>, 859 F.2d 1059, 1065 (1st Cir. 1988) (stating that district court has wide discretion in deciding whether to permit oral argument).  The Court, therefore, will resolve Plaintiff's Motion for an Award of Attorney Fees on the pleadings.

**BACKGROUND**

      Plaintiff Diane Burnett ("Plaintiff") brought this action asserting violations of her constitutional rights and several state law tort claims against three police officers with the Arizona Department of Public Safety ("DPS"), Robert Holley, John Bottoms, and Jennifer Pinnow, arising out of Plaintiff's arrest on September 27, 2002.  Plaintiff sought monetary damages under 42 U.S.C. §1983 and Arizona law. Specifically, Plaintiff alleged: (1) violations of her constitutional rights under the First Amendment (freedom of speech and freedom of

assembly) and Fourth Amendment (wrongful arrest and the use of excessive force during the arrest) as applied to the states through the Fourteenth Amendment of the U.S. Constitution; (2) assault and battery, (3) false imprisonment, (4) intentional infliction of emotional distress, and (5) an entitlement to an award of punitive damages and an award of attorney's fees and costs, jointly and severally. (docket # 1)  Plaintiff's state law tort claims were dismissed and summary judgment was granted in favor of Defendants on several other claims.  Ultimately, this matter proceeded to trial in January of 2006 on the issues of wrongful arrest by Defendant Holley and excessive use of force by Defendants Bottoms and Pinnow.

On January 13, 2006, the jury returned a verdict in favor of Plaintiff in the amount of $67,500.00 against Holley.  The jury found in favor of Defendants Bottoms and Pinnow on Plaintiff's excessive force claims.  On January 25, 2006, the Clerk of Court entered a final judgment in favor of Burnett in the amount of the verdict.   Plaintiff claims that she is entitled to an award of attorney's fees as the prevailing party in this civil rights action.  Defendant does not dispute that Plaintiff is entitled to an award of reasonable attorney's fees.  Rather, Defendant challenges the amount of fees which Plaintiff requests.

## ANALYSIS

### I. Fees Requested

Plaintiff seeks an award of attorney's fees in the amount of $90,818.75. (docket # 113)  This request is based upon an hourly billing rate of $275.00 for Plaintiff's counsel.  Defendant, however, does not challenge Plaintiff's counsel's standard hourly rate. (docket # 118 at 7 n.2)  Counsel contends that the number of hours spent representing Plaintiff in this matter, 330.25 hours, is excessive and unreasonable.

Defendant asserts that the fee request is excessive, seeks payments on duplicative time spent on legal tasks, fails to adequately document services provided, and includes non-legal services.  Defendant argues that the Court should discount the attorney's fees request to an amount closer to $23,000.00, the amount which Plaintiff and counsel bargained for, were this a contingency fee agreement only.

## II. Applicable Law

Title 42 U.S.C. § 1988 provides that a civil rights plaintiff is entitled to an award of attorney fees if plaintiff is the "prevailing party" in the underlying action.  Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (stating that a prevailing civil rights plaintiff "should ordinarily recover an attorney's fee."); Herrington v. County of Sonoma, 883 F.3d 739, 743 (9th Cir. 1989) (stating that in a civil right cases in which the plaintiff is the prevailing party, "fee awards should be the rule rather than the exception."); McGrath v. County of Nevada, 67 F.3d 248 (9th Cir. 1995) (awarding civil rights attorneys' fees under 42 U.S.C. 1988(b)); Cunningham v. County of Los Angeles, 879 F.2d 481 (9th Cir. 1989) (awarding attorneys fees in a civil rights case).  However, whether to award attorney's fees in a § 1983 case is within the discretion of the trial court. T.Y. by Petty v. Board of County Commissioners, 926 F.Supp. 162 (D.Kan. 1996).  The trial court has wide discretion in determining the amount of attorney's fees. Keith v. Volpe, 501 F.Supp. 403 (C.D.Cal. 1980).

In Farrar v. Hobby, 506 U.S. 103, 111-12 (1992), the Supreme Court articulated a test for identifying a prevailing party: "A plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  The Court explained that "a material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant.  Id. at 113.  Here, Plaintiff is entitled to enforce a monetary judgment against Holley and, therefore, she is a prevailing party.

The fact that Plaintiff did not succeed on her claims against Defendants Pinnow and Bottoms does not alter her status as a prevailing party because (1) Plaintiff otherwise obtained substantial relief against Holley; and (2) Plaintiff's claims against Defendants Bottoms and Pinnow were "inextricably intertwined" with her claims against Holley.   In Hensley v. Eckerhart, 461 U.S. 424, 440 (1983), the Supreme Court stated that where a cause of action includes several related claims, a plaintiff who won substantial relief should not have attorney's fees reduced merely because that plaintiff did not win every claim.  Similarly, in Cabrales v.

1    County of Los Angeles, 935 F.2d 1050, 1052-53 (9th Cir. 1991), the Ninth Circuit found that

2    under Hensley, the general rule is that plaintiffs are entitled to attorneys' fees "incurred for

3    services that contribute to the ultimate victory in the lawsuit." Id. "Thus, even if a specific

4    claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes

5    to the success of other claims." Id. Here, Plaintiff's claims against Holley were factually related

6    to her claims against Defendants Bottoms and Pinnow. Even if Plaintiff had only brought suit

7    against Holley, she still would have needed to depose Bottoms and Pinnow and call them as

8    witnesses because Bottoms and Pinnow executed Holley's order to arrest Plaintiff. Thus, the

9    Court agrees with Plaintiff that she is entitled to recover reasonable attorney's fees as the

10   prevailing party in this case.

11   **III.  Reasonableness of Fees Requested**

12               Having determined that Plaintiff is entitled to an award of reasonable attorney's

13   fees, the Court must determine the reasonable amount of such fees. Plaintiff's counsel claims

14   that he spent 330.25 hours representing Plaintiff in this case. Counsel's standard hourly rate is

15   $275.00. This results in a total fee request of $90,818.75.

16               Defendant contends that the fee request is unreasonable. Defendant does not

17   challenge the billing rate; rather, he objects to the amount of hours claimed. "Just as the agreed

18   upon billing rate between the parties may be considered unreasonable, likewise the amount of

19   hours claimed may also be unreasonable." Schweiger v. China Doll Restaurant, 673 P.2d 927,

20   932, 138 Ariz. 183, 187 (Ariz. Ct. App. 1983).

21        **A.  Billing Rate**

22               Plaintiff's counsel claims that his standard hourly rate is $275.00 per hour.

23   (Plaintiff's Ex. A at 7.) Defendant does not contest counsel's hourly rate, but instead argues that

24   due to counsel's high hourly rate, he should be more efficient. (docket # 118 at 7) In Blum v.

25   Stenson, the Supreme Court clearly states that reasonable fees are to be "calculated according

26   to the prevailing market rates in the relevant community." 465 U.S. 886, 895 (1984). The Court

27   went on to say that determining the "prevailing market rate" for legal services is "inherently

28   difficult." Id. at 895 n.11. The Court further indicated that the "burden is on the fee applicant

to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id.

Aside from his affidavit, Plaintiff's counsel has not produced satisfactory evidence to convince the Court that his rates ($275.00 per hour) are in line and consistent with those prevailing in the community for similar services and experience.  Id. (Plaintiff's Ex. C at 2.) Based on this Court's independent knowledge of the prevailing legal rates in the Phoenix legal community, that Plaintiff's counsel has only been practicing law since 1988, and absent convincing evidence to the contrary, the Court finds that $250.00 per hour is a reasonable rate for an attorney with counsel's skill, experience, and reputation.

**B. Hours Expended**

Plaintiff's counsel claims that he spent 330.25 hours on this case.  Defendant argues that the Court should reduce the attorney's fees request because Plaintiff's fee application lacks sufficient detail to enable the court to assess the reasonableness of the hours expended. The Court's Local Rules provide that "[t]he party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated." LRCiv. 54.2(e)(2); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (stating that while Plaintiff's counsel bears the burden of submitting evidence supporting the hours worked, Plaintiff's counsel can meet his burden "by simply listing his hours and 'identifying the general subject matter of his time expenditures.'") (internal citations and quotations omitted).  Defendant argues that Plaintiff's counsel used block billing which makes it difficult to determine the reasonableness of the time and labor which counsel spent on various tasks.  Defendant specifically challenges the following time entries which they characterize as block billing.

> **1. 12.5 hours on 1/6/06:**   "prepare and finalize three books of plaintiff's trial exhibits; office conference with client regarding trial testimony."
>
> **2. 13.5 hours on 1/7/06:**   "continue to prepare for examination of all trial witnesses; continue to prepare for client trial testimony."
>
> **3. 14.25 hours on 1/8/06:** "review defendants' trial exhibits (of which there were 13);  continue to prepare opening statement and examination outlines for all witnesses at trial."

Defendant claims that these time entries fail to separate the time spent on each particular task included in the entries.  In support of this billing entry, counsel for Plaintiff states that the Supreme Court has noted that, "[p]laintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended.  But at least counsel should identify the general subject matter of his time expenditures."  Hensley, 461 U.S. at 437 n.12.   The Supreme Court further noted  that where a claim for relief involves related legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."  Id. at 435.  In such a case, counsel should be awarded fees even for time spent on unsuccessful claims.  Id.

The Court finds that the aforementioned entries "adequately describe the services rendered" in accordance with LRCiv. 54.2(e)(2) and, therefore, declines to reduce these entries.

**4. Trial-related entries from 1/9/06 to 1/13/06:** Defendant challenges counsel's "block bill[ing] an average of 14.9 hours to prepare and attend . . . trial" on each of the five days of trial, although the actual time spent in trial was typically 5-6 hours each day.

Defendant objects to the block billing for trial days because the entries likely include time that counsel spent  traveling to and from the courthouse and completing non-legal services.  Defendant argues that counsel should have itemized the time spent on different tasks during the days that the case was in trial.  Defendant asserts that an average of 14.9 hours is excessive for each day of trial, but fails to suggest to the Court what constitutes a reasonable number of hours to attend and prepare for trial each day.

Travel time may be included in a fee application if it is reasonable.  Davis v. City of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992).   The Court notes that counsel's office is located at 3200 N. Central Avenue, Phoenix, Arizona 85012, only three miles from the Courthouse.  Thus, travel time to and from the courthouse was minimal.  The Court, therefore, will not exclude any time for travel.

However, the Court finds that the time Plaintiff's counsel alleges to have spent on the trial and trial preparation during the five days of trial is excessive, especially in light of the extensive time counsel spent preparing in the days leading up to the trial.  Plaintiff's counsel

claims to have spent approximately forty hours preparing during the four days prior to the trial. Thereafter, Plaintiff's counsel billed an average of 14.9 hours per day, preparing for and attending the trial on January 9, 10, 11, 12 and 13, 2006, despite only spending approximately 6.0 hours in court each day.  (docket # 83, # 84, # 88, # 89, # 90)  The Court finds that 12.0 hours for each day of the trial is a reasonable number of hours expended on preparing for and attending the trial. Therefore, the Court will deduct a total of 14.5 hours from Plaintiff's fee request related to trial.

**5. Single Page Notices:** Defendant challenges counsel's billing entries for fifteen  minutes to read several one-page notices and orders from the court.

Counsel's billing statements includes six fifteen-minute entries each for the review of a document which was one page in length: 4/4/04 Court Order transferring case to Judge Anderson (Plaintiff's Ex. A at 3; docket # 19), 12/10/04 Court Order regarding extending discovery deadlines (Plaintiff's Ex. A at 4; docket # 41), 3/31/05 Defendants' Notice of Errata (Plaintiff's Ex. A at 5; docket # 58), 7/19/05 Court Order regarding Rule 16 scheduling conference (Plaintiff's Ex. A at 5; docket # 58), 11/9/05 Court Order regarding pretrial filing deadlines (Plaintiff's Ex. A at 6; docket # 76), and 1/25/06 Court's Final Judgment (Plaintiff's Ex. A at 7; docket # 108). After review of those documents, the Court finds that the time Plaintiff's counsel billed to examine these single-page documents is excessive.  Furthermore, these documents should not take more than five minutes to read.  Accordingly, 1.0 will be reduced from the total time billed by Plaintiff's counsel.

**6. Past Similar Case:** Defendant argues that due to the fact that Plaintiff's counsel litigated a similar case with nearly identical factual and legal issues, the amount of hours claimed is unreasonable.

Defendant claims that counsel's hours claimed are excessive because he is an experienced civil rights attorney, and has litigated numerous civil rights cases, including a recent case with nearly identical factual and legal issues. Eisenberg v. Martin, No. CV-03-564-PHX-LOA.   In Johnson v. Credit International, Inc., No. C-03-100 SC, 2005 WL 2401890 (N.D. Cal. 2005), the court reduced counsel's hours because they were unreasonable in view of counsel's experience.  In that case, Plaintiff's counsel was an experienced debt collection

1   attorney and had litigated numerous claims involving the Fair Debt Collection Practices Act.

2   Id. at *2.  The court noted that Plaintiff's discovery questions, Motion for Class Certification,

3   and Motion for Attorneys' Fees, were all extremely similar to previous motions or court filings

4   made by Plaintiff's counsel. Id. at *3.  Accordingly, the court reduced the hours spent on those

5   documents from 25.3 hours to 9.0 hours, a significant reduction.  Id.

6            Similarly in this case, Plaintiff's counsel claims to be an experienced civil rights

7   attorney, having focused his entire practice on civil rights litigation, and has even "established

8   several significant precedents in the area of civil rights law." (docket # 113 at 6)  Furthermore,

9   Plaintiff's counsel has recently litigated a case in this Court that has similar facts and legal

10  claims. Eisenberg v. Martin, No. CV-03-564-PHX-LOA. (Eisenberg was filed on 3/25/03 and

11  the trial was concluded on 7/15/05.  Burnett was filed on 9/26/03 and the trial began in January

12  of 2006, five months after the conclusion of the Eisenberg case.)  The Eisenberg case and the

13  present litigation arise from allegedly illegal arrests that occurred at the same protest in Phoenix

14  on September 27, 2002.  In view of counsel's extensive experience as a civil rights attorney, and

15  his recent litigation of a similar case, counsel's claim that he spent 330.25 hours is

16  unreasonable.

17           On September 17, 2003, Plaintiff's counsel researched the number of arrests in

18  connection with the September 27, 2002 protest. (Plaintiff's Ex. A at 1.)  This research should

19  have already been conducted for the previous trial, Eisenberg, and should not have taken 4.25

20  hours. The Court finds that 1.0 hour for researching arrests in connection with the protest is

21  reasonable.  Therefore 3.5 hours will be deducted from the hours expended.

22           From September 18, 2003 through September 22, 2003, Plaintiff's counsel

23  claimed to have spent a total of 8.25 hours researching Arizona standards governing arrests for

24  disorderly conduct, failure to obey lawful orders, and false arrest. (Plaintiff's Ex. A at 2.)  The

25  Court finds that in view of counsel's work in the Eisenberg case, and his extensive experience

26  in civil rights litigation, this amount of time is excessive.  The Court finds that 2.5 hours is a

27  reasonable amount of time for researching Arizona standards governing arrest for disorderly

28

1   conduct, failure to obey lawful orders, and false arrest.  Therefore 5.75 hours will be deducted
2   from the hours expended.

3       On September 26, 2003, Plaintiff's counsel drafted and finalized the Complaint.
4   (Plaintiff's Ex. A at 2; docket # 1)  The Court finds that 4.5 hours is excessive in view of
5   counsel's extensive experience in civil rights cases and his recent work on similar litigation
6   arising from the same incident.  The Court finds 2.0 hours is reasonable for drafting and
7   finalizing the complaint.  Therefore 2.5 hours will be deducted from the hours claimed.

8       From October 27, 2004 to November 5, 2004, Plaintiff's counsel spent 11.75
9   hours researching, drafting, and finalizing Plaintiff's response in opposition to Defendants'
10  motion for summary judgment and Plaintiff's statement of facts in opposition to Defendants'
11  motion for summary judgment. (Plaintiff's Ex. A at 3.)  The Court finds 11.75 hours excessive
12  in light of the fact that counsel prepared a substantially similar response in Eisenberg.
13  (Eisenberg docket # 49)  The Court finds that 5.0 hours for  work on Plaintiff's response in
14  opposition to Defendants' motion for summary judgment is reasonable.  Therefore, 6.75 hours
15  will be deducted from counsel's hours.

16      Counsel consolidated his billing for October 27, 2005 to November 4, 2005, into
17  entries totaling 20.75 hours on the Proposed Joint Statement of the Case, Plaintiff's proposed
18  Voir Dire Questions, Plaintiff's Proposed Forms of Verdict, Proposed Joint Final Pretrial Order,
19  Proposed Joint Jury Instructions, and Plaintiff's Proposed Juror Questionnaire. (Plaintiff's Ex.
20  A at 5.)  Counsel prepared similar documents in relation to the Eisenberg case.  The Court,
21  therefore, will reduce the time spent preparing these pleadings by 5.0 hours to account for the
22  economies of counsel relying on his knowledge of the similar factual and legal theories from
23  the Eisenberg case and counsel's extensive experience in civil rights law.

24                              **SUMMARY**

25      In view of the foregoing, the Court finds that Plaintiff's counsel shall be
26  compensated for a total of 291.25 hours, calculated by subtracting the above described
27  deductions (totaling 39.0 hours) from his claimed total of 330.25 hours.  At a reasonable

28

standard hourly rate of 250.00, Plaintiff's counsel should be awarded $72,812.50 (291.25 hrs. x $250.00).

In accordance with the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for an Award of Attorney Fees (docket # 113) is **GRANTED** to the extent that Plaintiff is awarded attorneys' fees in the amount of $72,812.50. Judgment shall be by a separate document.

DATED this 29th day of June, 2006.

Lawrence O. Anderson
United States Magistrate Judge